M'DONALD *vs.* LEE'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF CONCORDIA.

A note made payable on a particular day, *without defalcation*, is entitled to the usual days of grace, before it is protested for non-payment.

The words "*without defalcation*," in a note, imply that it is to be paid to the holder without any diminution, or claim to set-off, or otherwise, by the maker and endorser.

This is an action on the following promissory note, in which the plaintiff seeks to recover the amount from the endorser's estate.

"$9,677 32.                    "Rodney, May 5th, 1835.

"On the fifth day of November, 1837, I promise to pay to the order of Charles S. Lee, nine thousand six hundred and seventy-seven 32-100 dollars, *without defalcation*, for value received, payable at the Agricultural Bank, at Natchez, Mississippi.                    SAMUEL A. MASON."

*Endorsed,* "CHARLES S. LEL."
                    "THOS. McDONALD."

When this note became due it was presented at Bank for payment, and duly protested on the 8th day of November, 1835, for non-payment, and notice thereof given to the endorser.

This suit is instituted against the administrator of the endorser, and the defence is, that payment of the note was not demanded on the 5th of November, when it became due, as it was payable then *without defalcation ;* but that three

M'DONALD
*vs.*
LEE'S ADM'R.

days of grace were allowed, contrary to the tenor of the obligation, by which the endorser is discharged.

There was judgment for the plaintiff, and the defendant appealed.

*Stacy,* for the appellant, contended, that the note sued on, was made payable on a particular day *without defalcation,* and should have been presented for payment, and protested on that day, and notice given to the endorser, in order to make him liable. But the protest shows that a demand was not made on the day the note was absolutely payable, and not until three days after. This delay exonerates the endorser. *Kenner et al.* vs. *their Creditors,* 8 *Martin, N. S.* 36. 7 *Martin,* 460.

*O. N. Ogden, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendant, administrator of the estate of Charles S. Lee, is appellant from a judgment, by which the plaintiff has recovered the amount of a promissory note, endorsed by Lee, and complains that the judgment is erroneous, because the protest was not made, and notice given to the endorser *in* due time.

The protest was made at the close of the third day after that mentioned in the note, as the one on which it was made payable. Notice was given immediately after the protest; in other words, the usual days of grace were allowed.

A note made payable on a particular day, *without defalcation,* is entitled to the usual days of grace, before it is protested for non payment.

His counsel has contended, that as the note was expressly promised to be paid *without defalcation,* the protest ought to have been made on the very day stated in the note, and notice given thereof on the following day; and that the expression used, was intended to exclude any postponement or delay of payment, which might otherwise have been claimed.

According to the definition given by Johnson, the word *defalcation* means, "diminution, abatement, excision of any part of a customary allowance." He derives the verb "*defalcate*" from the Latin *defalco,*—"I mow or cut off with a scythe."

On the establishment of banks in the several states of the union, after the peace of 1783, these institutions required the insertion of the words "without defalcation," in notes offered to them, evidently with the view to cause the makers to renounce any claim, by set off or otherwise. The note in this case, is made payable at a bank in Natchez, in the state of Mississippi, and we understand, that by a law of that state, promissory notes are, in the hands of endorsers, subject to set-offs or any other defence, which may be made against the maker, in the same manner as in this state, when endorsed after maturity.

<div style="float:right">WESTERN DIST.
*Oct.* 1838.

The words "without defalcation," appear in the state of Mississippi, to be intended as precluding the maker of the note, from availing himself of the plea of set off.

According to the construction urged by the appellant's counsel, the words "without defalcation," signify, with the *defalcation or cutting off the days of grace.*

It appears to us the Court of Probates did not err.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.